IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOLIVER ARMSTRONG, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:20-cv-3610-BT |
| | § | |
| SOUTHWEST AIRLINES CO., | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Southwest Airlines Co. (Southwest) has filed a Motion for Judgment on the Pleadings (ECF No. 13) under Federal Rule of Civil Procedure 12(c). For the reasons stated, the Court GRANTS Southwest's Motion and DISMISSES with prejudice Plaintiff Toliver Armstrong's negligence per se claim.

### Background

Armstrong brings this civil action against Southwest asserting claims for negligence and negligence per se based on the Air Carrier Access Act (ACAA), arising out of injuries he sustained on or about April 29, 2019.[1] Pl.'s Pet. ¶¶ 9, 11-13 (ECF No. 1-3). Armstrong alleges he was injured when a Southwest employee pushing him in a wheelchair through Dallas Love Field Airport "made a sudden turn and ran the wheelchair into the suitcase of an individual who [was] walking through the airport." *Id.* ¶ 9. The collision caused Armstrong "to fall out of the

___

[1] Armstrong originally filed this suit in the 68th Judicial District Court of Dallas County, Texas, but Southwest, invoking federal diversity jurisdiction, removed the suit to this Court. Def.'s Not. Rem. (ECF No. 1). The Court recently denied Armstrong's motion to remand. Mem. Op. & Order (ECF No. 18).

wheelchair onto the floor" and caused another person to fall on top of him. *Id.* According to Armstrong, he suffered "severe bodily injuries," and by this lawsuit he seeks damages for his medical costs, physical pain and suffering, mental anguish, and disfigurement. *Id.* at ¶¶ 9, 14.

Southwest filed an answer (ECF No. 4) generally denying Armstrong's allegations of negligence and asserting several affirmative defenses, including the defense that Armstrong failed to state a claim upon which relief can be granted as to negligence per se because the ACAA does not provide a private cause of action. Def.'s Answer 5. Southwest also filed the pending Motion for Judgment on the Pleadings, arguing that Armstrong's negligence per se claim fails because the ACAA does not provide a private cause of action. Def.'s Mot. 3-4. Armstrong objects that he is not asserting a private cause of action under the ACAA but "a common law negligence per se claim, with certain regulations under the ACAA forming the basis for the negligence standard of care." Pl.'s Resp. ¶ 5 (ECF No. 14). Southwest responds that the ACAA's comprehensive regulatory scheme is an inappropriate basis for a negligence per se claim. Def.'s Mot. 4-7; Def.'s Reply 2-3 (ECF No. 15). The Motion is fully briefed and ripe for determination.

## Legal Standard

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract v. Touchstone*

*Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (internal citations omitted). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010).

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(c) motion for judgment on the pleadings, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

3

**Analysis**

I.     <u>Southwest is entitled to dismissal of Armstrong's negligence per se claim</u>
       <u>because Armstrong abandoned his claim based on § 382.95 and failed to</u>
       <u>plead sufficient facts to support a claim based on § 382.141.</u>

Armstrong asserts a state law negligence per se claim alleging that

Southwest failed to "provide free and safe assistance to passengers with

disabilities," in violation of 14 C.F.R. § 382.95, and neglected to "properly train its

employees on the use of assistance equipment such as wheelchairs," in violation of

14 C.F.R. § 382.141. Pl.'s Pet. ¶ 13. However, Armstrong abandoned his claim based

on § 382.95 in his Response to Southwest's Rule 12(c) Motion. Pl.'s Resp. ¶ 12

("After carefully reviewing and considering 14 C.F.R. § 382.95 again, . . . Plaintiff

believes that Defendant may be correct in their argument that a violation of this

particular regulation cannot be negligence per se under Texas law. Plaintiff will

replead to take this out of his complaint as a basis for negligence per se."].

Armstrong further fails to plead any facts to support a claim that Southwest failed

to properly train its employees on the use of wheelchairs, as required by § 382.141.

Armstrong has thus failed to plead a claim that is plausible on its face. Southwest

is entitled to dismissal of Armstrong's negligence per se claim.

Generally, the Court would permit Armstrong an opportunity to replead his

negligence per se claim based on § 382.141. But "leave to amend need not be

granted when it would be futile to do so." *See, e.g., F.D.I.C. v. Conner*, 20 F.3d

1376, 1385 (5th Cir. 1994) (internal citations omitted). As explained below, Texas

law prohibits negligence per se claims that conflict with the legislative intent

behind the underlying statute. And here, the ACAA evinces Congress's intent to bar private causes of action, including negligence per se. Therefore, any negligence per se claim based on the regulations promulgated under the ACAA would be futile.

II.    Armstrong's negligence per se claim must be dismissed with prejudice.

The ACAA and its implementing regulations prohibit airlines from discriminating against disabled passengers. 49 U.S.C. § 41705; *see also* 14 C.F.R. § 382.1 ("The purpose of this Part is to carry out the [ACAA]. This rule prohibits both U.S. and foreign carriers from discriminating against passengers on the basis of disability; requires carriers to make aircraft, other facilities, and services accessible; and requires carriers to take steps to accommodate passengers with a disability."). But the ACAA provides no private right of action. Indeed, the Fifth Circuit recently held: "No private right of action exists to enforce the ACAA in district court." *Stokes v. Southwest Airlines*, 887 F.3d 199, 205 (5th Cir. 2018). And "every federal court to reach the issue has held that the ACAA's text and structure preclude a private right of action." *Id.* at 202 (citing *Lopez v. Jet Blue Airways*, 662 F.3d 593, 597-98 (2d Cir. 2011); *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1269-70 (10th Cir. 2004); *Love v. Delta Air Lines*, 310 F.3d 1347, 1354-59 (11th Cir. 2002)). Each of these courts have held that because the ACAA fails to "expressly provide a right to sue [an] air carrier," no private right of action exists under the statute. *Stokes*, 887 F.3d at 202. (internal quotation marks and citations omitted).

Rather, the ACAA "combines with other federal aviation statutes to form a comprehensive administrative scheme designed to vindicate fully the rights of disabled persons." *Id.* at 202-03 (internal quotation marks and citations omitted). This regulatory scheme's enforcement "lies primarily with the Department of Transportation." *Id.* The ACAA only leaves private litigants "carefully circumscribed roles." *Id.* at 203. The ACAA's remedial process is specifically limited to an aggrieved passenger notifying the Department of Transportation (DOT) of an alleged violation (with a limited right of judicial review if the DOT declines to investigate); the DOT investigating the allegation; the DOT issuing an order of compliance; and the DOT itself enforcing that order by filing a civil action in district court. *Id.*

Under Texas law, when a legislative body declines to provide for an individual private right of action in a statute and instead provides a comprehensive regulatory scheme with limited private remedies, that statute will not be an appropriate basis for a negligence per se claim. *See Smith v. Merritt*, 940 S.W.2d 602, 607-08 (Tex. 1997); *Reeder v. Daniel*, 61 S.W.3d 359, 362-63 (Tex. 2001). In Texas, "[n]egligence per se is a common-law doctrine in which a duty is imposed based on a standard of conduct created by a penal statute rather than on the reasonably prudent person test used in pure negligence claims." *Smith*, 940 S.W.2d at 607 (internal citations omitted). To determine whether a given statute may be the basis for a negligence per se claim, Texas courts must "consider whether recognizing such an accompanying civil action would be inconsistent with

6

legislative intent." *Reeder*, 61 S.W.3d at 362. In other words, Texas courts "will not disturb the Legislature's regulatory scheme by judicially recognizing a cause of action" not contemplated in the statute. *Id.* at 364; *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856 (2017) ("If the statute does not itself so provide, a private cause of action will not be created through judicial mandate.") (internal citations omitted).

In *Baker v. Smith & Nephew Richards, Inc.*, a Texas state district court considered whether the federal Food, Drug, and Cosmetic Act (FDCA) and its Medical Device Amendments (MDA) could form the basis for a state law negligence per se claim. 1999 WL 811334, at *1 (Tex. Dist. Ct. June 7, 1999), *aff'd sub nom.*, *McMahon v. Smith & Nephew Richards, Inc.*, 2000 WL 991697 (Tex. App.— Houston [14th Dist.] July 20, 2000, no pet.). The court held that using these federal statutes to form the statutory standard of care for a negligence per se claim "would be inconsistent with . . . legislative intent." *Id.* at *18. In so doing, the court specifically noted that these statutes contained a "prohibition on private causes of action," and were governed by "broad prosecutorial authority given to the FDA." *Id.* The court reasoned that such provisions indicated that the statutes included a policy against private actions like negligence per se, and thus declined "to expand the law to include such claims." *Id.* (internal citations omitted).

The Texas Supreme Court used similar reasoning to hold that the Texas Dram Shop Act could not serve as the basis for a negligence per se claim. *See Smith*, 940 S.W.2d at 607-08; *Reeder*, 61 S.W.3d at 362-63. In both *Smith* and *Reeder*,

the Texas Supreme Court pointed to the agency-enforced comprehensive regulatory scheme and explicit limitation of remedies in the Dram Shop Act as evidence that allowing a negligence per se claim based on the Act would contravene legislative intent. *Smith*, 940 S.W.2d at 608; *Reeder*, 61 S.W.3d at 363-64. The Texas Supreme Court thus held that the Dram Shop Act's limited remedies were provided "in lieu of any negligence per se cause of action." *Smith*, 940 S.W.2d at 608; *see also Reeder*, 61 S.W.3d at 362 (citing *Smith*).

Federal courts interpreting Texas law have also refused to allow negligence per se claims that conflict with legislative intent. For instance, the court in *Bell v. American Traffic Solutions, Inc.* held that a Texas licensing statute could not be the basis for a negligence per se claim. 633 F. Supp. 2d 305, 315 (N.D. Tex. 2009) (Fish, J.), *aff'd in part, vacated in part*, 371 F. App'x 488 (5th Cir. 2010). Citing the statute's "detailed complaint-filing scheme," the court found that the Texas Legislature "did not intend for individuals to redress alleged violations . . . through private suit." *Id.* This fact "counsel[ed] against allowing a negligence per se claim to attach to a violation" of the statute. *Id.* Similarly, the Fifth Circuit held in *Martino v. Kiewit New Mexico Corp* that a plaintiff could not base a negligence per se claim on an OSHA regulation that did "not provide [the plaintiff] with a cause of action." 600 F. App'x 908, 912 (5th Cir. 2015). Even though an employee of the defendant would have had a right of action under the statute, the fact that the plaintiff himself did not have a right of action under OSHA was enough to "preclude" him from using it as a basis for negligence per se. *Id.*

In view of these precedents and the ACAA's complex regulatory scheme that precludes a private right of action, the Court finds that the ACAA is not a proper basis for a negligence per se claim under Texas law. Like the statutes at issue in *Baker*, *Bell*, and *Martino*, the ACAA contains no private right of action. And, like the statutes at issue in *Smith*, *Reeder*, and *Baker*, the ACAA forms a comprehensive regulatory scheme, enforced by a governmental agency, that explicitly limits the actions of private litigants to a few exclusive remedies. Accordingly, like the statutes considered in those cases, the ACAA evinces a Congressional intent to disallow private rights of action not included in the statute—including negligence per se. Thus, allowing a negligence per se claim based on the ACAA would violate the Texas law requirement that a negligence per se claim respect the legislative intent of the underlying statute. If the Court were to allow Armstrong to bring a negligence per se claim based on the ACAA, it would "disturb the Legislature's regulatory scheme by judicially recognizing a [private] cause of action" not contemplated in the statute. *Reeder*, 61 S.W.3d at 364. Because the ACAA cannot serve as the basis for a negligence per se claim, Armstrong's negligence per se claim is dismissed with prejudice.

## Conclusion

For the foregoing reasons, the Court GRANTS Southwest's Motion for Judgment on the Pleadings (ECF No. 13) and DISMISSES with prejudice Armstrong's negligence per se claim under the ACAA.

**SO ORDERED**.

September 24, 2021.

 

REBECCA RUTHERFORD
U.S. MAGISTRATE JUDGE